UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Girmay NEGASI,

Petitioner,

vs.

Jeremy CASEY, et al.

Respondents

Case No.:  26-cv-1858-AGS-BJW

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 3) AND MOTION FOR APPOINTMENT OF COUNSEL (ECF 2)**

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. In support of that request, he seeks to proceed without paying the filing fee, known as proceeding *in forma pauperis*, and requests appointment of counsel. Both of those requests are granted.

Typically, parties seeking a writ of habeas corpus in a United States district court must pay a $5 filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed without payment of fees only if the court grants the plaintiff leave to proceed *in forma pauperis*. *See Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) (holding that when an "IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid"). Although the filing fee is only $5, petitioner claims to have "0.00" in wages and "no savings." (ECF 3, at 1–2.) Since it is clear petitioner cannot afford the filing fee, his IFP request is granted.

As to the request for counsel, courts may appoint an attorney for an "impoverished habeas petitioner" when "the interests of justice so require." *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (cleaned up); *see also* 18 U.S.C. § 3006A(a)(2)(B). In this assessment, courts weigh an indigent petitioner's (a) "likelihood of success on the merits" and (b) "ability . . . to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Given the

1

lack of detail in his petition, it's difficult to judge petitioner's likelihood of success. But his inability "to speak nor write the English language" convinces the Court that counsel is warranted. (ECF 2, at 1); *see United States v. Ahumada Aguilar*, 295 F.3d 943, 950 (9th Cir. 2002) (noting that immigration law is "second only to the Internal Revenue Code in complexity" (quotation marks omitted)); *Torres v. Barr*, 976 F.3d 918, 923 (9th Cir. 2020) ("Divining [the immigration laws'] meaning is ordinarily not for the faint of heart."). The Court provisionally appoints Federal Defenders of San Diego, Inc., to initially determine if petitioner qualifies for representation by that organization. The Clerk is directed to forward a copy of this order to Federal Defenders.

By April 3, 2026, Federal Defenders must submit a notice to the Court concerning whether it can and will accept the appointment. By that same date, Federal Defenders must also state whether, under Chief Judge Order 134, it "requests to file supplemental briefing." Once that notice is received, the Court will set a return date and a hearing.

Dated:  March 26, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

2

26-cv-1858-AGS-VET